# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 20-10182 |
| **WC 2101 W BEN WHITE, LP,** | § | |
| | § | Chapter 11 |
| Debtor. | § | |

## DEBTOR'S EMERGENCY MOTION FOR THE TEMPORARY VACATION OF ITS ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY OR THE TEMPORARY REINSTATEMENT OF THE AUTOMATIC STAY

WC 2101 W. Ben White, LP (the "***Debtor***") moves for an order temporarily vacating the Court's order granting relief from the automatic stay or, alternatively, for an order temporarily reinstating the automatic stay as to BBVA USA ("***Lender***") to allow Debtor to pay all creditors in full in this case. The only item that stands between full payoff of all creditors in this case is the approval of this court and an order of the same. For cause, the Debtor would show as follows:

### Synopsis

1. As described in more detail in the Debtor's contemporaneously-filed motion for approval of post-petition financing and authority to distribute funds (the "***Financing Motion***"), the Debtor has secured the necessary funds to pay in full the claim (the "***Lender Claim***") of its Lender (its senior secured creditor).[1] Lender currently has the Debtor's Property (defined below) posted for a May 4, 2021 foreclosure sale. The Debtor therefore seeks a brief reinstatement of the automatic stay or for the vacation of the court's order granting relief from the automatic stay to allow the Debtor to obtain Court approval of the proposed transactions that will pay off the Lender Claim in full.

---

[1] Capitalized terms used but not defined herein have the meanings assigned to them in the Financing Motion.

Page 1

2. The requested relief is in the best interest of the Debtor's estate because it will ultimately result in the Debtor being funded with sufficient capital to pay *all* of the Debtor's creditors their allowed claims in full. If the stay is not reinstated and Lender is permitted to foreclose, the Debtor's unsecured and administrative claimants will likely receive little or nothing on their claims. Accordingly, Debtor requests that the Court reinstate the automatic stay under 11 U.S.C. § 362 to halt the pending foreclosure sale of the Debtor's Property just long enough to allow Debtor to obtain Court approval of the transactions necessary to pay the Lender Claim in full.[2]

### Jurisdiction and Venue

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicate for the requested relief is found in §§ 105, 362, and 364 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Civil Procedure 60(b).[3]

### Relief Requested

5. The Debtor requests the Court enter an order temporarily vacating its Agreed Order Conditionally Granting BBVA Relief from the Automatic Stay [Dkt. No. 52] (the "**Lift Stay Order**"), thereby temporarily reinstating the automatic stay for only so long as is necessary for the Court to consider the Financing Motion and, if such motion is approved, allow the order granting

---

[2] Proof of the availability of funding for the proposed New Financing \has been filed with the Financing Motion and is also attached hereto as Exhibit A. Additionally, the legal representative of New Lender has confirmed to counsel for Lender funding and intention to close.

[3] Unless otherwise noted, section (§) references are to the Bankruptcy Code.

the Financing Motion to become a final order. Alternatively, the Debtor requests that the Court reinstate the automatic stay for only so long as is necessary for the Court to consider the Financing Motion and, if such motion is approved, allow the order granting the Financing Motion to become a final order.

## Background

6. On February 4, 2020 (the "**Petition Date**"), the Debtor commenced this case by filing a petition for relief under Chapter 11 of the Bankruptcy Code (the "**Bankruptcy Case**"). The Debtor continues to operate it business and manage its properties as a debtor and debtor-in-possession pursuant to Sections 1107(a) and 1108.

7. To date, no creditors' committee has been appointed in the Chapter 11 Case by the Office of the United States Trustee for the Western District of Texas (the "**United States Trustee**"). No trustee or examiner has been appointed in the Chapter 11 Case.

8. The Debtor owns and operates a retail shopping center in South Austin (the "**Property**").

9. The Debtor was indebted for real property taxes payable to Travis County for the 2019 and 2020 tax years that, as of January 31, 2021, totaled $547,858.38 (the "**Secured Tax Debt**"). In accordance with this Court's *Agreed Order Authorizing Debtor to Pay Pre-Petition Real Property Tax Debt* [Dkt. No. 91], entered on April 23, 20, the Debtor has paid the Secured Tax Debt *in full*.

10. The Debtor's principal creditor is Lender, which holds a lien on the Property securing payment of the Lender Claim. The Lender Claim is in the approximate amount of $4,945,954.46.

11. On April 30, 2020, Lender filed its Motion for Relief from the Automatic Stay [Dkt. No. 28] (the "***Lift Stay Motion***"). The parties subsequently reached an agreement as set forth in the Lift Stay Order. Lender has posted the Property for foreclosure to occur on May 4, 2021.

12. The Debtor Has Obtained Sufficient Funds to Pay the Lender Claim. As described more fully in the Financing Motion, the Debtor has obtained commitments for a New Financing that will yield $5,200,000 in net proceeds, which is well in excess of the Lender's claim. *See* Exhibit A. With estimated cash on hand of $225,000, the Debtor has sufficient available capital to satisfy the Lender Claim, with sufficient remaining proceeds to satisfy administrative expenses and pre-petition unsecured debt.

13. The title company requires an order granting the Financing Motion to issue to close and fund the new financing. The refinance lender has confirmed the foregoing, as well as its commitment to the refinancing, to the Lender. *See Exhibit A.* As such, the Debtor needs a short reinstatement of the automatic stay to obtain this Court's approval for the new financing, for the order approving the financing to become a final order, and to close the transaction, which will allow the Debtor to pay off all allowed claims in full.

**Argument**

14. The Debtor seeks relief under §§ 105, 362, and 364, as well as under Federal Rule of Civil Procedure 60(b), which is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9024. The Court can grant the Debtor relief from the Lift Stay Order (thereby reinstating the automatic stay under § 362) under Fed. R. Civ. P. 60(b)(6), which provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> * * *
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

15. "The overall goal of rule 60(b)(6) is to accomplish justice." *See also Godwin v. Fed. Sav. & Loan Ins. Corp.,* 806 F.2d 1290, 1293 n.9 (5th Cir. 1987). Thus, "the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949).

> In this light, it is often said that the rule should be liberally construed in order to do substantial justice. What is meant by this general statement is that, although the desideratum of finality is an important goal, the justice-function of the courts demands that it must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the cause. This is not to say that final judgments should be lightly reopened. The desirability of order and predictability in the judicial process calls for the exercise of caution in such matters. But there can be little doubt that Rule 60(b) vests in the district courts power "adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401-02 (5th Cir. 1981) (internal citations omitted).

16. The Fifth Circuit has stated that courts have broad discretion under this rule. *See Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir. 1992) ("The discretion under 60(b)(6) is said to be especially broad because relief may be granted under it 'when appropriate to accomplish justice'"). Additionally, courts have regularly looked to Fed. R. Civ. P. 60(b)(6) for authority to grant relief from orders lifting the automatic stay and thereby reinstate the automatic stay under § 362. *See e.g., In re Price*, 577 B.R. 643, 655 (E.D.N.C. 2017) ("A court may reconsider its own order granting relief from the automatic stay pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, incorporated by Rule 9024 of the Federal Rules of Bankruptcy Procedure."); *see also Rodriguez Camacho v. Doral Fin. Corp. (In re Rodriguez Camacho),* 361 B.R. 294, 300 (1st Cir. BAP 2007) (stating a party may seek relief from an order lifting the automatic stay under Fed. R. Civ. P. 60(b)(6)); *State Bank of Southern Utah v. Gledhill (In re*

*Gledhill),* 76 F.3d 1070 (10th Cir. 1996) (holding that bankruptcy court did not abuse its discretion in granting Chapter 7 trustee's motion under Fed. R. Civ. P. 60(b) for relief from order granting creditor relief from automatic stay); *Metmor Fin., Inc. v. Bailey (In re Bailey),* 111 B.R. 151, 152–53 (W.D. Tenn. 1988) (affirming bankruptcy court's order granting debtor's Rule 9024 and Rule 60(b)(6) motion to vacate an order lifting the automatic stay).

17. The Foreclosure Sale is scheduled for May 4, 2021, and without a short reinstatement of the automatic stay, will proceed. The Debtor seeks relief from the Lift Stay Order under Fed. R. Civ. P. 60(b), and a short reinstatement of the automatic stay under 11 U.S.C. § 362 so as to reinstate the automatic stay for only so long as is necessary for the Court to consider the Financing Motion, and if such motion is approved, to allow the order granting such motion to become a final order. If the foreclosure sale goes forward, Lender or another bidder will take title to the Property and, while Lender may be paid in full (or receive the Property upon a credit bid), the remainder of the Debtor's creditors will receive little or nothing on account of their claims.

18. If, however, the Debtor is granted relief from the Lift Stay Order and the stay is reinstated for a short period to allow the Court to consider the Financing Motion and, if such motion is approved, to allow the order granting such motion to become a final order, the Debtor will be able to get Court approval to enter into the financing transaction, and then all of the Debtor's creditors, including Lender, will be expeditiously paid in full on account of their allowed claims, and the Debtor will retain its interest in the Property. Debtor has filed the motion seeking approval of the financing arrangement contemporaneously with this Motion, which details the transaction, including the identity of the capital provider. To the extent the Court does not approve the transaction (which Debtor does not anticipate will be an issue), the stay will automatically lift allowing Lender to re-post the Property for foreclosure. Accordingly, any prejudice to the Lender

is minimal and is outweighed by the prospect of all of Debtor's creditors being paid in full on account of their allowed claims.

**WHEREFORE**, based on the foregoing, the Debtor requests that it be granted relief from the Lift Stay Order such other and further relief to which it may be justly entitled.

Dated: April 30, 2021

Respectfully submitted,

 /s/ *Mark H. Ralston*
Mark H. Ralston
State Bar No. 16489460
Fishman Jackson Ronquillo PLLC
13155 Noel Road, Suite 700
Dallas, TX 75240
Telephone: (972) 419-5544
Facsimile: (972) 419-5501
E-mail: mralston@fjrpllc.com

**COUNSEL FOR DEBTOR
WC 2101 W BEN WHITE, LP**

# CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2021, I caused to be served a true and correct copy of the foregoing document by the court ECF filing system on all parties who have entered their appearance electronically and by first class U.S. mail on the parties listed on the attached service list.

    /s/ *Mark Ralston*
Mark Ralston

# SERVICE LIST

U.S. Trustee
903 San Jacinto
Suite 230
Austin, TX 78701

Internal Revenue Service
Centralized Insolvency Office
P. O. Box 7346
Philadelphia, PA 19101-7346

Texas Comptroller of Public Accounts
Revenue Accounting Division – Bankruptcy
P. O. Box 13528
Capitol Station
Austin, TX 78711

Travis County Attorney's Office
Attn: County Attorney
P. O. Box 1748
Austin, TX 78767

ABH Property Management, LLC
2107 Goliad Road
San Antonio, Texas 78223

Bank of America, NA
Attn: Lease Administration (TXW-226)
13850 Ballantyne Corporate Place
Mail Code NC2-150-03-06
Charlotte, North Carolina 28277

Sarah A. Harmon, Vice President (TXW-226)
Bank of America, NA
214 N. Tryon Street
Mail Code NCl-027-MZ-01
Charlotte, North Carolina 28255

Dollar General c/o Dolgencorp of Texas, Inc.
Attention: Vice President Lease Administration
100 Mission Ridge
Goodlettsville, Tennessee 37072

5514828.1  FJR 23059.20

FeV, LLC
Attn: James G. Grace, Jr.
5522 Zachary Scott Street
Austin, Texas 78747

Popeyes
HZ Props RE, Ltd.
Attention: Amin Dhanani
4415 State Highway 6
Sugar Land, Texas 77478

Popeyes
J. M. Little, Attorney at Law, P.C.
5718 Westheimer, Suite 1840
Houston, Texas 77057

Texas Taco Cabana, L.P.
Attention: Mr. Bradley Smith, VP Real Estate
1077 Central Parkway S, Suite 600
San Antonio, Texas 78232-5066

GuardTexas, Inc.
P.O. Box 850356
Richardson, TX  75085

Waste Connections Lone Star, Inc.
P.O. Box 742695
Cincinnati, OH  45274-2695

Strata Landscape, Inc.
P.O. Box 49362
Austin, TX  78765

Central Texas Refuse
P.O. Box 18685
Austin, TX  78760-8685

Heads Up Cleaning Services & Mgmt. Solutions LLC
P.O. Box 293
Lockhart, TX  78644

Strata Maintenance
P.O. Box 49362
Austin, TX  78765

B Z Electric Service, LLC
10102 Ivanhoe Trail
Austin, TX  78748

Travis County Tax Collector
Attn:  Bruce Elfant
5501 Airport Blvd.
Austin, TX  78751

Firetrol Protection Systems, Inc.
4616 W Howard Ln.
Suite 700
Austin, TX  78728

BBVA Compass Bank
8333 Douglas Avenue, 2nd Floor
Dallas, TX 75225

BBVA USA
c/o Davis & Santos, P.C.
Attn: Caroline New Small
719 Flores Street
San Antonio, TX 78204

BBVA USA
c/o Davis & Santos, P.C.
Attn: Sarah Santos
719 Flores Street
San Antonio, TX 78204

City of Austin
P. O. Box 2267
Austin, TX 78751

Denly ACI Partners Ltd.
13809 Research Boulevard
Austin, TX 78750

Dr. Richard Sharp
8302 Thames Avenue
Texarkana, TX 75503

Fast Signs
2101 Ben White
Austin, TC 78704

5514828.1  FJR 23059.20

Georgeanna Jones
4700 E. Main Street
#1596
Mesa, AZ 85205

James Schneider
c/o Horizon Bank, S.S.B.
522 Congress Avenue, Suite 100
Austin, TX 78701

Richard Wright
194 Cross Creed Drive
Chapel Hill, NC 27514

Texas Taco Cabana, L.P.
Attn: J. M. Lit
5718 Westheimer, Suite 200
Houston, TX 77057

Texas Tool Traders
2101 Ben White
Austin, TX 78704

Travis County Attorney's Office
Attn: County Attorney
P. O. Box 1748
Austin, TX 78767

Travis County Tax Assessor
5501 Airport Boulevard
Austin, TX 78751

Travis County
Attn: Jason A. Starks
314 West 11th Street, Room 300
Austin, TX 78701

WC Ben White, LLC
814 Lavaca Street
Austin. TX 78701

WCRE Management
814 Lavaca Street
Austin, TX 78701

Denly AI Partners, Ltd.
Attn: Christopher H. Trickey/Brian T. Cummings
401 Congress Avenue, Suite 2700
Austin, TX 78701

Kimberly A. Walsh
Assistant Attorney General
Bankruptcy & Collections Division MC 008
P. O. Box 12548
Austin, TX 78711-2548

5514828.1  FJR 23059.20

**From:** Gay Heavilin <gheavilin@independencetitle.com>
**Date:** April 30, 2021 at 3:14:33 PM CDT
**To:** Lori Sweetland <lori@jimmynassour.com>, "Sarah Santos (ssantos@dslawpc.com)" <ssantos@dslawpc.com>, Jimmy Nassour <jimmy@jimmynassour.com>
**Subject: RE: BBVA Compass Loan / WC 2101 W. Ben White, LP GF#2127828-COM**

Good afternoon!
As requested by Mr. Nassour, we can confirm receipt of $5,202,716.02 of Lender funds for the above mentioned refinance.

As also noted in the previous letter, the underwriter requires receipt and approval of the Motion from the Court prior to approving us to move forward with this transaction.

Please advise if you need anything further at this time. Thanks. – Gay

P.S. I have e-mailed the Underwriter and asked him to call you directly to discuss any particular requests/needs for the Motion/Order going to the Court. Hopefully, he will make time to do so.
**Please include GMHTeam@independencetitle.com on all correspondence.**

**Gay M. Heavilin, CTIP, CESP**
**Vice President, Senior Commercial Escrow Officer**

5900 Shepherd Mountain Cove
Bldg 2 Suite 200
Austin, TX 78730
Phone: 512-454-4500 Ext. 3121
Direct Fax: 512-279-1858

Ex A

[Map and Directions](#)

---

**From:** Lori Sweetland <lori@jimmynassour.com>
**Sent:** Friday, April 30, 2021 12:49 PM
**To:** Sarah Santos (ssantos@dslawpc.com) <ssantos@dslawpc.com>; Jimmy Nassour <jimmy@jimmynassour.com>
**Cc:** Gay Heavilin <gheavilin@independencetitle.com>
**Subject:** [External] BBVA Compass Loan/WC 2101 W. Ben White, LP

Good afternoon Ms. Santos,

Please see the attached letter for the referenced Loan.

Thank you,
Lori


Lori Sweetland
Jimmy Nassour Attorney at Law
3839 Bee Cave Road, Suite 200
Austin, Texas  78746
512-474-2900
[lori@jimmynassour.com](mailto:lori@jimmynassour.com)


*Funny what happens when you become a grandparent. You start to act all goofy and do things you never thought you'd do. IT'S TERRIFIC*

> **This email originated from outside the organization. Do not click links or open any attachments unless you recognize the source of the email.**

**BE CAUTIOUS IF YOU CHOOSE TO WIRE FUNDS**
Wiring funds creates a risk of loss by fraud.  If you elect to wire funds, please call your Independence Title team to obtain wiring instructions, using a phone number from our website.

**CONFIDENTIALITY NOTICE**
**This email transmission is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510 et**

**seq., and the information contained in this message and documents accompanying same are legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this message is strictly prohibited. If you received this message in error, please immediately notify us by telephone and purge all copies of this message from your system. Thank you.**

This Message sent via Proofpoint.

# JIMMY NASSOUR
## ATTORNEY AT LAW

3839 Bee Cave Rd., Suite 200  
Austin, Texas 78746

Telephone (512) 474-2900  
Fax (512) 474-4547

April 30, 2021

Via Email

Sarah Santos  
Davis Santos PC  
719 S. Flores Street  
San Antonio, Texas 78204  
ssantos@dslawpc.com

      Re:    BBVA Compass Loan / WC 2101 W. Ben White, LP, a Texas limited partnership  
               2101 and 2117 W. Ben White Boulevard, Austin, Texas 78704

Dear Ms. Santos,

      I represent and am a principal of Sterling Equities, Inc., a Texas Corporation who has made a commitment to your Borrower on the referenced Loan ("Loan")

      In keeping with our conversation this letter will confirm Sterling Equities, Inc.'s agreement to fund the payoff of the Loan, with the current payoff estimate of approximately $4,963,112.58 (thru 5/8/2021), subject to obtaining a requisite bankruptcy order as required by the Title Company and a clean title policy.

      I have requested that the title company send you a letter verifying funds. I have sent additional funds of $200,000.00 today to address closing costs and additional per diem should it be necessary pending receipt of court order.

      By copy of this letter to Gay Heavilin, I am authorizing her to discuss those title company requirements which will be necessary before a title policy can be issued, as well as confirming availability of funds for a BBVA payoff.

I appreciate your cooperation in getting the loan paid off and will notify you with any updates.

Sincerely,

Jimmy Nassour

cc: Gay Heavilin        gheavilin@independencetitle.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| In re: § | |
| § | Case No. 20-10182-tmd |
| WC 2101 W. Ben White, L.P., § | |
| § | Chapter 11 |
| Debtor. § | |

ORDER GRANTING DEBTOR'S
EMERGENCY MOTION TO TEMPORARILY
VACATE LIFT STAY ORDER OR REINSTRITUTE AUTOMATIC STAY

Came on for consideration, *Debtor's Motion to Vacate Stay Order or Reinstate the Automatic Stay* (the "**Motion**"). For the reasons stated on the record, the Court has determined that cause exists to grant the relief requested.[1] It is therefore ORDERED as follows:

The automatic stay under 11 U.S.C. § 362 is reinstated for a period of one-week, and the Foreclosure Sale shall not proceed on May 4, 2021. The reinstated automatic stay will lift at 12:00 a.m. on May 11, 2021.

# # # END OF ORDER # # #

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

1

**Submitted by:**

**FISHMAN JACKSON RONQUILLO PLLC**

  /s/ Mark H. Ralston
Mark H. Ralston
State Bar No. 16489460
Fishman Jackson Ronquillo PLLC
Three Galleria Tower
13155 Noel Road, Suite 700
Dallas, TX 75240
Telephone: (972) 419-5544
Facsimile: (972) 4419-5501
E-mail: mralston@fjrpllc.com

COUNSEL FOR DEBTOR WC 2101
W. BEN WHITE, LP